IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | CIVIL ACTION NO. |
| Plaintiff, | |
| | COMPLAINT |
| v. | |
| HUFFMAN OIL COMPANY, INC. | JURY TRIAL DEMAND |
| Defendant. | |

1:05CV01154

## NATURE OF THE ACTION

This is an action under the Age Discrimination in Employment Act to correct unlawful employment practices on the basis of age and to provide appropriate relief to Inez McKnight, who was adversely affected by such practices. As alleged with greater particularity below, the U.S. Equal Employment Opportunity Commission ("the Commission"), contends that Defendant Huffman Oil Company, Inc. ("Defendant") failed to hire Ms. McKnight for a cashier position because of her age, 78.

## JURISDICTION AND VENUE

Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the "ADEA"), which incorporates by reference §§ 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of North Carolina.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of the ADEA and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4. At all relevant times, Defendant has continuously been a North Carolina corporation doing business in the State of North Carolina and the City of Greensboro, and has continuously had at least twenty (20) employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. § 630(b), (g) and (h).

## CONCILIATION

6. Prior to institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance with the ADEA through informal methods of conciliation, conference and persuasion within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## STATEMENT OF CLAIMS

7. Around May or June 2004, Defendant engaged in unlawful employment practices at its facility located at 4821 Pleasant Garden Road ("Pleasant Garden location") Greensboro,

2

North Carolina, in violation of Section 4(a)(1) of the ADEA, 29 U.S.C. §623(a)(1), by failing to hire Inez McKnight because of her age. Specifically, Ms. McKnight applied for a cashier position at the Pleasant Garden location around late May 2004. At the time of her application, Ms. McKnight was 78 years old, and was well qualified for the position. Moreover, Defendant was seeking applicants for the cashier position when Ms. McKnight applied. Despite her qualifications, Ms. McKnight was rejected for employment and the position was filled by someone outside her protected class. On information and belief, on June 15, 2004, Defendant hired a 2 year old for the cashier position.

8. The effect of the practices complained of in paragraph 7 above has been to deprive Inez McKnight of equal employment opportunities and otherwise adversely affect her status as an applicant for employment because of her age.

9. The unlawful employment practices complained of in paragraph 7 above were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in unlawful hiring practices and any other employment practice which discriminates on the basis of age against individuals 40 years of age and older.

B. Order Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for individuals 40 years of age and older, and which eradicate the effects of its past and present unlawful employment practices.

( Grant a judgment requiring Defendant to pay appropriate back wages in an amount to be determined at trial, an equal sum as liquidated damages, and prejudgment interest to Inez McKnight, whose wages are being unlawfully withheld as a result of the acts complained of above.

I. Order Defendants to make whole Inez McKnight by providing the affirmative relief necessary to eradicate the effects of its unlawful practices, including but not limited to righful-place hiring and front pay.

F Grant such further relief as the Court deems necessary and proper in the public interest.

F Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

DATED this the 23rd day of December 2005.

Respectfully submitted,

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
 COMMISSION
1801 L Street, N.W.
Washington, D.C. 20507

LYNETTE A. BARNES
Regional Attorney

4

*Jessica Dixon* (signature)

JESSICA DIXON
Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
    COMMISSION
Charlotte District Office
129 West Trade Street, Suite 400
Charlotte, North Carolina 28202
Telephone:    704.344.6875
Facsimile:    704.344.6780
ATTORNEYS FOR PLAINTIFF

5